UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  _____

YSMELIO LOPEZ, an individual,

  Plaintiff,

  vs.

DEISY'S FOUNTAIN PARADISE,
CORP., a Florida Corporation, and
VIDAL MARTINEZ, an individual, and
DEISY ALFARO, an individual, and
and JOHN DOES 1 through 5.

  Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, YSMELIO LOPEZ, ("Plaintiff") sues Defendants DEISY'S FOUNTAIN

PARADISE, CORP. d/b/a DEISY'S FOUNTAIN PARADISE, INC., VIDAL MARTINEZ,

DEISY ALFARO ("Alfaro") and JOHN DOES 1 through 5 and avers as follows:

### NATURE OF THE ACTION

1. This is an action in law and equity for copyright infringement and unfair competition

arising out of Defendants' infringement of at least four of Plaintiff's federally registered

copyrights for 3-dimensional decorative animal sculptures, in violation of the Copyright

Act of 1976, as amended, 17 U.S.C. §101, et seq. and unfair competition in violation of

The Lanham Act, 15 U.S.C. §1051 et seq. and Florida State common law.  As set forth

hereinafter upon information and belief, Defendants have knowingly and willfully

1

infringed Plaintiff's federally registered copyrights by producing, importing, displaying, advertising, distributing and/or selling in the United States decorative animal sculptures that are substantially similar to Plaintiff's decorative animal sculptures.

2. Plaintiff YSMELIO LOPEZ is an individual residing in Miami-Dade county Florida and who is *sui juris*.

3. Upon Information and belief, Defendant DEISY'S FOUNTAIN PARADISE, CORP. ("Deisy's Fountain") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade county Florida.

4. Upon Information and belief, Defendant Deisy's Fountain is a successor company of Deisy's Fountain Paradise, Inc., an inactive Florida Corporation.

5. Upon Information and belief, Defendant Deisy's Fountain is a successors company of D & V Fountain Paradise, Inc., an inactive Florida Corporation.

6. Upon Information and belief, Defendant Deisy's Fountain continues to operate and conduct business under the name Deisy's Fountain Paradise, Inc.

7. Upon Information and belief, Defendant VIDAL MARTINEZ ("Martinez") is *sui juris* and is an officer and/or principal shareholder of Defendant Deisy's Fountain.

8. Upon information and belief, Defendant Martinez is a conscious, dominant and active force behind the wrongful acts alleged herein.

9. Upon information and belief, Defendant Martinez is a resident of Miami-Dade county Florida.

10. Upon Information and belief, Defendant DEISY ALFARO ("Alfaro") is *sui juris* and is an officer and/or principal shareholder of Defendant Deisy's Fountain.

11. Upon information and belief, Defendant Alfaro is a conscious, dominant and active force behind the wrongful acts alleged herein.

12. Upon information and belief, Defendant Alfaro is a resident of Miami-Dade county Florida.

13.  Plaintiff is informed and believes that Defendants JOHN DOES 1-5 are individuals who are officers or other managing agents of Defendant Deisy's Fountain and are conscious, dominant, and active forces behind the wrongful acts of Defendant Deisy's Fountain, which wrongful acts they have engaged in for the benefit of Defendant Deisy's Fountain and for their own individual gain and benefit.

<u>JURISDICTION AND VENUE</u>

14. This Court has jurisdiction over the Copyright Act and the Lanham Act claims of this Action under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and pendant jurisdiction over the state common law claim of unfair competition under §1338(b).

15. Jurisdiction over the Florida common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal copyright infringement and unfair competition claims.

16. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

17. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. §1391(c) and 28 U.S.C. §1400(a).

<u>FACTS AND ALLEGATIONS</u>

18. Since at least as early as the mid-1990s, Plaintiff has been engaged in the design and creation of 3-dimensional decorative animal sculptures.

19. In addition to their inherent aesthetic appeal, many of Plaintiff's decorative sculptures (such as the ones which form the basis of the present litigation) are used as decorative bases for mounting mailboxes.

20. Many of Plaintiff's sculptures are instantly recognizable as Plaintiff's designs and are in high-demand by purchasers of decorative sculptures used to enhance and beautify the outdoor appearances of residential and commercial properties.

21. In 1994, Plaintiff designed and created a 3-Dimensional sculpture titled *Delfin Mailbox* depicted in Exhibit A (hereafter "Delfin Mailbox").

22. The Plaintiff's Delfin Mailbox sculpture is characterized by two bottlenose dolphins in the midst of a synchronized jump out of the water.  <u>See</u> Exhibit A.

23. In 2007, Plaintiff designed and created a 3-Dimensional sculpture titled *Colorra Mail Box* depicted in Exhibit B (hereafter "Cotorra Mailbox").

24. The Plaintiff's Cotorra Mailbox sculpture is characterized by a large headed, large feathered and short tailed parrot standing on a lifelike tree stump.  <u>See</u> Exhibit B.

25. In 2007, Plaintiff designed and created a 3-Dimensional sculpture titled *Ardilla Mail Box* depicted in Exhibit C (hereafter "Ardilla Mailbox").

26. The Plaintiff's Ardilla Mailbox sculpture is characterized by a slender-faced lifelike squirrel holding an oversized pinecone and having large bushy tail held high above its head.  <u>See</u> Exhibit C.

27. In 2009, Plaintiff designed and created a 3-Dimensional sculpture titled *Sea Horses* depicted in Exhibit D (hereafter "Exhibit D").

28. The Plaintiff's Sea Horses sculpture is characterized by fanciful interpretation of a sea horse containing several rectangular-like designs of varying sizes along both sides of the sea horse. The Sea Horses sculpture also includes a sprocket-like design beginning from the ridge of the seahorse's forehead and continuing along its back and finally ending down near the base of its tail. See Exhibit D.

29. The Plaintiff's Delfin Mailbox, Cotorra Mailbox, Ardilla Mailbox, and Sea Horses sculptures are hereafter collectively referred to as the "Works."

30. Each of the Works contains material original with Plaintiff and is copyrightable subject matter under the laws of the United States, specifically the Copyright Act of 1976 (as Amended).

31. Notice of Plaintiff's copyright claims to the Works is included with each of the Works.

32. Plaintiff has been and still is the sole proprietor of all rights, title and interest in and to copyright in each of the Works.

33. Plaintiff has complied in all respects with the Copyright Act of 1976 (as Amended) and the exclusive rights and privileges in and to the copyrights for each of the Works have been conferred on Plaintiff by operation of law.

34. Plaintiff received from the Register of Copyrights a Certificate of Registration bearing registration number VA 788-637 for the Delfin Mailbox sculpture having an effective date of registration of May 21, 1996. Exhibit E.

35. Plaintiff received from the Register of Copyrights a Certificate of Registration bearing registration number VAu 960-429 for the Cotorra Mailbox sculpture having an effective date of registration of December 2, 2007.  Exhibit F.

36. Plaintiff received from the Register of Copyrights a Certificate of Registration bearing registration number VAu 983-436 for the Ardilla Mailbox sculpture having an effective date of registration of December 27, 2007.  Exhibit G.

37. Plaintiff received from the Register of Copyrights a Certificate of Registration bearing registration number VAu 1-044-116 for the Sea Horses sculpture having an effective date of registration of February 18, 2010.  Exhibit H.

38.  Plaintiff has expended substantial resources in designing, promoting, producing and selling the Works, has established a valuable business based on demand for his distinctively-styled animal mailbox sculptures, and is known and recognized for these signature sculptures.

39. Plaintiff is identified in the minds of the relevant purchasing public as the provider of these uniquely designed animal mailbox sculptures.

40. Upon information and belief, Defendants have unlawfully copied and/or caused to be copied Plaintiff's uniquely designed sculptures, including the Works which form the basis of the present litigation.

41. Upon information and belief Defendants then produced, imported, displayed, advertised and/or offered for sale to the public sculptures which are not only substantially similar, but strikingly similar, to Plaintiff's copyrighted Works.

42. Depictions of the infringing sculptures offered by Defendants are depicted as Composite Exhibit I.

43. Upon information and belief Defendants' infringing sculptures are of inferior quality to Plaintiff's Works.  See Composite Exhibit I, p. 3 (close up of Defendants' infringing copy of Plaintiff's Cotorra Mailbox and Sea Horses sculptures showing deforming concrete and/or plaster as well as exposed interior rebar).

## COUNT I
## COPYRIGHT INFRINGEMENT

44. Paragraphs 1 through 43 are incorporated herein as though set forth in their entirety.

45. Defendants have produced, imported, distributed, displayed, offered for sale and/or sold animal mailbox sculptures which infringe on Plaintiff's copyrighted Works.

46. Upon information and belief, Defendants willfully copied from Plaintiff's copyrighted Works in violation of Plaintiff's copyrights in the designs thereof.

47. The animal mailbox sculptures depicted in Composite Exhibit I infringe on Plaintiff's copyrights in the Works.

48. Defendants' sculptures are not only substantially similar, but are strikingly similar to Plaintiff's copyrighted Works, and exude the same "look and feel" of Plaintiff's copyrighted Works.

49. Plaintiff has lost substantial revenue from Defendants' unlawful and, upon information and belief, willful copying of Plaintiff's copyrighted Works.

50. Defendants' infringing sculptures dilute the market and serve to destroy the distinctiveness of Plaintiff's copyrighted Works.

51. Defendants' infringing sculptures erodes the public's identification of Plaintiff's copyrighted Works as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

52. Plaintiff's sale of the copyrighted Works as wells as any derivative works is prejudiced by Defendants' copyright infringement.

## COUNT II
## UNFAIR COMPETITION
(15 U.S.C. 1125(a))

53. Paragraphs 1 through 43 are incorporated herein as though set forth in their entirety.

54. This action for unfair competition is a substantial and related claim to Defendants' infringement of Plaintiff's copyrights in the Works and pursuant to §1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

55. Defendants in unlawfully and, upon information and belief, willfully copying Plaintiff's copyrighted Works created a likelihood of confusion among the relevant public as to the original source of Plaintiff's copyrighted Works and have contributed to the dilution of the distinctive quality of Plaintiff's copyrighted Works in the marketplace.

56. Defendants by their unauthorized appropriation and use of Plaintiff's copyrighted Works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's good will and the public's acceptance of Plaintiff's copyrighted Works, all to Plaintiff's irreparable harm.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

57. Paragraphs 1 through 43 are incorporated herein as though set forth in their entirety.

58. Defendants have knowingly violated Plaintiff's exclusive rights to reproduction, distribution, and making derivative works in the United State by widely exploiting the Works.

59. Upon information and belief, the aforesaid acts of the Defendants are and were willful and constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute § 501.204.

60. The Defendants' have willfully undertaken these acts, made unlawful under section 501.204 of the Florida Statutes, and knew or should have known that such uses or practices were unlawful.

61. The Plaintiff has been damaged by the Defendants' unlawful actions.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

A. That Defendants be enjoined during the pendency of this Action and permanently from infringing Plaintiff's copyrighted Works and any other proprietary rights in the Works or any prior or subsequent versions thereof, by Defendants' importation, display, advertising, distribution and/or sale of any sculptures substantially similar to the designs of Plaintiff's copyrighted Works;

B. That the Court order the impoundment and destruction of all Defendants animal mailbox sculptures that are copies of or infringe on Plaintiff's copyrighted Works;

C. That Defendants be required to pay to Plaintiff such actual damages as Plaintiff has sustained as a result of Defendants' copyright infringement;

D. That Defendants be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by Defendants' copyright infringement;

E. That Defendants be required to pay Plaintiff an increase in the award of statutory damages due to Defendants' willful infringement;

F. That Defendants be ordered to pay to Plaintiff the costs of this Action along with reasonable attorney fees;

G. That Plaintiff be granted such further relief as the Court deems just and proper.

Dated: December 28, 2012

Respectfully submitted,

CHRISTOPHER J. VAN DAM, P.A.
Counsel for the Plaintiff.
300 Sevilla Avenue.
Suite 309
Coral Gables, Florida 33134
Telephone No. (305) 921-9326
Facsimile No.   (888) 506-2833


By:_____
     Rick Ruz, Esq.
     Florida Bar No. 42090

# Exhibit A



# Exhibit B



# Exhibit C



# Exhibit D



Exhibit E

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS

**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



**VA 788-637**

EFFECTIVE DATE OF REGISTRATION

5 · 31 · 96
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼
DELFIN MAIL BOX

NATURE OF THIS WORK ▼ See Instructions
CONCRETE SCULPTURE

PREVIOUS OR ALTERNATIVE TITLES ▼
N/A

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼
N/A

If published in a periodical or serial give:   Volume ▼ N/A   Number ▼ N/A   Issue Date ▼   On Pages ▼

---

**2**

**a**

NAME OF AUTHOR ▼
YSMELIO LOPEZ

DATES OF BIRTH AND DEATH
Year Born ▼ 1936   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☒ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**b**

NAME OF AUTHOR ▼
N/A

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

---

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
1994 ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ▶ 2   Day ▶ 2   Year ▶ 96
U.S.A. ◀ Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
YSMELIO LOPEZ
12475 SW 56 ST.
MIAMI - FLA. 33175

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
N/A

APPLICATION RECEIVED
MAY 21 1996
ONE DEPOSIT RECEIVED
DEC 21 1996
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages



# Exhibit F

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VAu 960-429**

**Effective date of
registration:**

December 2, 2007

**Title** ────────────────────────────

**Title of Work:** Colorra Mail Box

**Nature of Work:** concrete sculture

**Completion/ Publication** ──────────

**Year of Completion:** 2007

**Author** ───────────────────────────

■ **Author:** Ysmelio Lopez

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1936

**Anonymous:** No                 **Pseudonymous:** No

**Copyright claimant** ──────────────

**Copyright Claimant:** Ysmelio Lopez

12475 SW 56th St., Miami, FL 33175

**Certification** ───────────────────

**Name:** Ysmelio Lopez



Exhibit G

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 983-436

**Effective date of
registration:**

December 27, 2007

## Title

| | |
|---|---|
| **Title of Work:** | Ardilla Mail Box |
| **Nature of Work:** | concrete sculpture |

## Completion/ Publication

| | |
|---|---|
| **Year of Completion:** | 2007 |

## Author

| | |
|---|---|
| **Author:** | Ysmelio Lopez |
| **Author Created:** | 3-dimensional sculpture |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Year Born:** | 1936 |
| **Anonymous:** | No |
| **Pseudonymous:** | No |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Ysmelio Lopez |
| | 12475 SW 56th St., Miami, Fla 33175 |

## Certification

| | |
|---|---|
| **Name:** | Ysmelio Lopez |



# Exhibit H

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VAu 1-044-116

**Effective date of registration:**

February 18, 2010

## Title

**Title of Work:** Sea Horses

**Nature of Work:** Concrete sculpture

## Completion/Publication

**Year of Completion:** 2009

## Author

**Author:** Ysmelio Lopez

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1936

**Anonymous:** No

**Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Ysmelio Lopez

12475 SW 56th St., Miami, FL, 33175

## Certification

**Name:** Ysmelio Lopez



Composite Exhibit I



Infringing Copies

Front side











Notice expanded
Rebar on
this corn