12-cv-24548-UNGARO/TORRES

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-24548-UNGARO/TORRES

YSMELIO LOPEZ,

    an individual,

    Plaintiff,

vs.

DEISY'S FOUNTAIN PARADISE,
CORP., a Florida Corporation, and
VIDAL MARTINEZ, an individual, and
DEISY ALFARO, an individual,
and JOHN DOES 1 through 5.

    Defendants.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE having come before the Court on Plaintiff's Motion for Default Final Judgment by Clerk [D.E. 16] filed January 30, 2013:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that final judgment in favor of Plaintiff YSMELIO LOPEZ and against Defendants DEISY'S FOUNTAIN PARADISE, CORP. d/b/a DEISY'S FOUNTAIN PARADISE, INC., VIDAL MARTINEZ, and DEISY ALFARO (collectively "Defendants") is hereby granted and ordered entered as the Judgment in this action as follows:

1. That Defendants have, without authorization from Plaintiff, infringed Plaintiff's copyrighted works having copyright registration Nos. VA 788-637 ("Delfin Mailbox"),

12-cv-24548-UNGARO/TORRES

VAu 960-429 ("Cotorra Mailbox"), VAu 983-436 ("Ardilla Mailbox") and VAu 1-044-116 ("Sea Horses")(collectively "the Works");

2. That Defendants' aforementioned unlawful acts were done and perpetrated willfully, and with the intent to profit thereby.

3. This Court finds that Plaintiff's attorneys have reasonably expended 26.5 hours in representing Plaintiff in this action and that $300 is a reasonable hourly rate for the services so rendered.

4. That Plaintiff recover from the Defendants the sum of $600,000 as statutory damages, under 17 U.S.C. §504 (c) on principal, attorney's fees of $7,950 and costs of $590, for a total of $608,540 which shall bear interest at the rate of 6% a year, for all of which let execution issue forthwith.

5. That Defendants, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, are hereby permanently enjoined and restrained from infringing Plaintiff's copyrighted Works and any other proprietary rights in the Works or any prior or subsequent versions thereof, by Defendants' importation, display, advertising, distribution and/or sale of any sculptures substantially similar to the designs of Plaintiff's copyrighted Works;

6. That all infringing sculptures in Defendants' possession be impounded for destruction by Plaintiff or his agents;

7. That Defendants shall complete the enclosed Fact Information Sheet and return it to the Plaintiff's attorney, within 30 days from the date of this default judgment, unless this default judgment is satisfied or a motion for new trial or notice of appeal is filed.

8. That Defendants file with this Court and serve on Plaintiff in accordance with 15 U.S.C. §1116, within forty-five (45) days after service on Defendants of this Judgment, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with this Judgment.

9. That this Court retains jurisdiction of the parties hereto for the purpose of any proceedings to enforce this Judgment and the aforesaid injunction.

DONE and ORDERED in, Miami, Florida this 31 day of Jan., 2013.

_____
UNITED STATES DISTRICT JUDGE